PERCY G. CROFT, petitioner-respondent,

*v.*

LILLYAN M. CROFT, defendant-appellant.

[Argued October 15th, 1935.   Decided January 31st, 1936.]

*Mr. Benjamin Gordon,* for the petitioner.

*Mr. Henry C. Ruttinger (Mr. Otto A. Stiefel,* of counsel), for the defendant.

The opinion of the court was delivered by

LLOYD, J.

This is a divorce case instituted by the husband against the wife on the ground of adultery, and resulted in a decree in favor of the petitioner, awarding to him a divorce, and the custody of the minor child of the parties, subject to visitation by the defendant.

Our examination of the proofs leads us to the conclusion that the decree was justified.   The opinion filed by the advisory master, with one or two minor inaccuracies, fairly narrates the proofs on both sides, and these proofs lead to a firm conviction in our minds that the wife had an overweening fondness for Von Bremer, the alleged co-offender and that this fondness took the form of sexual desire which needed

only opportunity for its gratification. That opportunity we think was afforded. While the presence of Von Bremer on the night of January 26th, 1933, the crucial date, was strongly in controversy, we think the master was justified in the conclusion reached by him. There was not only the testimony of the husband and the friend who accompanied him when following his wife, on the night in question, but her later confession of guilt to him and to another witness, together with other corroborative proofs and the failure of Von Bremer, though present in court, to testify in denial of the charges involving himself.

In appellant's brief, criticism is made of what is called the impatience of the master during the taking of the proofs, and of some unjudicial comments made during the progress of the hearing. These complaints seem to us in a measure justified, but the facts complained of do not in our opinion militate against the propriety of the conclusion reached. We cannot, however, too strongly impress upon judicial officers, those who have in their keeping the rights of litigants, the duty of maintaining a patient and impartial state of mind, as well as a judicial bearing. Counsel and witnesses in a court of justice are under disadvantage and sometimes embarrassment when controversy arises between court and counsel or court and witnesses, and it is of the utmost importance that judges avoid all that is overbearing in character or tends to increase this embarrassment. It is not necessary in the present case to recite the particular phases of the trial which call for this comment, a comment which, while made in friendly spirit, is deemed necessary to remind those who have the rights of their fellows committed to their keeping that a court is a "place wherein justice is *judicially* administered."

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 8.

*For reversal*—DONGES, HEHER, PERSKIE, WELLS, JJ. 4.